## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, and on behalf of the general public,<br>831 Clearmount Road<br>York, PA 17403<br>Plaintiff,<br><br>v.<br><br>U-HAUL International, Inc.,<br>2727 North Central Ave.<br>Phoenix, AZ 85004<br>Defendant<br><br>U-Haul Company of Maryland, Inc.,<br>351 West Camden St.<br>Baltimore, MD 21201<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF REMOVAL

Defendant U-Haul International, Inc. by and through its undersigned attorneys, hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d) and 1441, et seq. and states the following grounds in support of the removal of the above-captioned action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

1. Michael Margolis ("Margolis") originally instituted the above-captioned action in the Superior Court of the District of Columbia (the "Superior Court") by filing a Complaint (the "Original Complaint") against U-Haul International, Inc. ("UHI") on or about July 30, 2007. [Margolis v. UHI, Civil Action No. 2007 CA 005245 B] The Original Complaint alleged causes of action under the D.C. Consumer Protection

Procedures Act ("CPPA") and common law unjust enrichment. Margolis sought money damages, including treble damages pursuant to D.C. Code § 28-3905(k)(1)(A), statutory liquidated damages, punitive damages, attorneys' fees and costs, and injunctive relief, on behalf of any person who rented a vehicle bearing the U-Haul trademark in the District of Columbia. (Original Complaint at 6, para. 31.)

2.   On September 18, 2007, UHI removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), (B), which grants original jurisdiction over class actions to United States District Courts where (1) any member of a class of plaintiffs is a citizen of a state different from any defendant, or any member of a class of plaintiffs is a citizen or subject of a foreign state and any defendant is a citizen of a state, and (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. [Dist. Docket # 1 at paras. 3-9, Case 1:07-cv-01648]

3.   Jurisdiction was premised upon the fact that Margolis was a citizen of a state different from UHI, and there was a reasonable probability that the stakes exceed the minimum of $5,000,000, exclusive of interests and costs when the claims of individual class members were aggregated.   [Id.]

4.   Removal was also appropriate under 28 U.S.C. § 1441, et seq., because the district courts of the United States have original jurisdiction, under 28 U.S.C. § 1332(a)(1), (2), over actions where (1) the parties are citizens of different states, or where one party is a citizen of a state, and the other party is a citizen or subject of a foreign state, and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. [Dist. Docket # 1 at paras. 10-17, Case 1:07-cv-01648]

5.  Jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), (2) was premised upon the fact that Margolis was a citizen of a state different from UHI, and there was a "reasonable probability that the stakes exceed the minimum" of $75,000, exclusive of interests and costs when all of Plaintiff's requested relief is considered.  Brill v. Countrywide Home Loans, 427 F.3d 446, 449 (7th Cir. 2005).

6.  The clerk of the District Court assigned the action to the Honorable Rosemary M. Collyer.  [See generally Dist. Docket Case 1:07-cv-01648]

7.  On September 8, 2008, the District Court sua sponte remanded this action to the Superior Court holding that Margolis had not indicated in the Original Complaint that he intended to bring a "class action" and speculating that the CPPA might authorize a representative action for damages under a "separate and distinct procedural vehicle from a class action." [Dist. Doc. # 25 at 3, Case No. 1:07-cv-01648-RMC, citing Breakman v. AOL LLC, 545 F. Supp. 2d 96, 101 (D.D.C. 2008)]

8.  On September 12, 2008, UHI petitioned the United States Court of Appeals for the District of Columbia to accept an appeal of the District Court's remand order. [Pet. for Permission to Appeal, Margolis v. UHI, No. 08-8012]

9.  On April 6, 2009, the United States Court of Appeals for the District of Columbia declined to accept UHI's petition to appeal.  In a written decision, the Court stated that whether a "'private attorneys general action' brought under the D.C. Consumer Protection Act must be litigated as a class action under Ruler 23" is "not clear as a matter of District of Columbia law, and the local courts should determine how this action, purported to be a non-class representative action, should proceed." In Re U-Haul Int'l, Inc., 2009 U.S. App. LEXIS 7163 (D.C. Cir. 2009).

10. On remand, UHI moved the Superior Court to dismiss Margolis's claim to recover monetary damages on behalf of absent third parties outside of the Rule 23 class action mechanism. After receiving extensive briefing concerning the meaning, history, and purpose of the CPPA, the Honorable Judge Judith Bartnoff granted the motion to dismiss holding that "[n]othing in the statute indicates any intention by the legislative branch to abrogate the requirements of Rule 23 in cases where an individual is seeking money damages under the CPPA on behalf of third parties." Order Granting in Part and Denying in Part Def. U-Haul Int'l, Inc.'s Mot. to Dismiss at 15, Margolis v. U-Haul, No. 2007 CA 005245 B (D.C. Super. Ct. Dec. 17, 2009). Although the Superior Court invited Margolis to appeal its decision to the District of Columbia Court of Appeals, Margolis declined to do so. Hearing at 75:10-13, Margolis v. U-Haul, No. 2007 CA 005245 B (D.C. Super. Ct. Oct. 15, 2009).

11. On January 15, 2010, Margolis filed an amended complaint (the "Amended Complaint") with the Superior Court. [Exh. A] The Amended Complaint states that Margolis has brought a class action pursuant to "Superior Court Rule 23(a)" against UHI and U-Haul Company of Maryland, Inc. [Exh. A at paras. 45] Margolis defines the putative class as including "All persons who rented or reserved U-Haul equipment in the District of Columbia, from July 30, 2004 through the present." [Exh. A at para. 46]

12. Margolis alleges that the class is composed of more than 109,657 members. [Exh. A at para. 47] Given the quantity of alleged class members and the statutory liquidated damages alleged by Margolis, the aggregate monetary damages alleged by Margolis well exceed the $5,000,000 amount necessary to establish federal jurisdiction.

In addition, Margolis seeks punitive damages, attorneys' fees and costs, and injunctive relief.

13. According to the Complaint, Michael Margolis, the named plaintiff, is a resident of Pennsylvania, whereas UHI is incorporated under the laws of Nevada, and is headquartered in Phoenix, Arizona. [Exh. A at paras. 1, 4]

14. As the simple diversity and amount in controversy requirements of CAFA are met, federal jurisdiction is proper.

15. If an original complaint is not removable, a defendant may file a notice of removal "within thirty days after receipt . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Although most civil actions must be removed no later than 1-year of the filing of the original complaint, this restriction does not apply to the removal of class actions. 28 U.S.C. § 1453(b).

16. As Margolis filed his Amended Complaint on January 15, 2010, this Notice of Removal is timely filed.

17. Contemporaneous with Defendant's filing of this Notice of Removal, Defendant is filing a Notice to Superior Court of Filing of Notice of Removal to effect the removal of this action pursuant to 28 U.S.C. § 1446(d).

18. Defendant will give written notice to Plaintiff of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), by electronic mail as well as the Superior Court's electronic docketing system.

19. Pursuant to Fed. R. Civ. P. 7.1(a), Defendant has included a Disclosure Statement attached as Exhibit B.

20. Pursuant to the Superior Court's order, UHI's response to the Amended Complaint is due by February 12, 2010. Order Granting in Part and Denying in Part Def. U-Haul Int'l, Inc.'s Mot. to Dismiss at 20 n.15, Margolis v. U-Haul, No. 2007 CA 005245 B (D.C. Super. Ct. Dec. 17, 2009). See 16 Moore's Federal Practice, § 107.31[3] (Matthew Bender 3d ed. 2008) (stating that "federal court takes the case on removal exactly as the case stood in state court" and that state court orders "remain in effect until modified or supplanted by the federal court").

**WHEREFORE**, Defendant respectfully requests that the Superior Court Action be removed from the Superior Court to the United States District Court for the District of Columbia.

**DEFENDANT,**
U-HAUL INTERNATIONAL, INC.

By_____
David Zetoony (D.C. Bar No. 486456)
Bryan Cave LLP
1155 F Street NW
Washington, D.C. 20004
(202) 508-6030 (phone)
(202) 220-7330 (fax)
David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.[1]
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7137 (phone)
(602) 364-8137 (fax)
lgscarborough@bryancave.com

---

[1]    Mr. Scarborough is not a member of the United States District Court for the District of Columbia.

## CERTIFICATION OF SERVICE

I hereby certify that on January 29, 2010, a copy of the foregoing was served by electronic mail and first class U.S. mail, postage prepaid, upon all counsel of record, as follows:

Steven A. Skalet
Ellen L. Eardley
Craig L. Briskin
Mehri & Skalet, P.L.L.C.
1250 Connecticut Ave., N.W. Ste 300
Washington D.C. 20036
202-822-5100

Counsel for Plaintiff

David A. Zetoony